## GERMANIA BANK OF THE CITY OF NEW YORK *vs.* DISTLER.

In an action upon a promissory note, the complaint alleged that the note was dated in 1872 by mistake, and that it was designed to have been dated in 1871. The answer denied these allegations, and the parties went to trial on this and another issue. *Held,* that by answering the allegations, the defendant practically conceded their sufficiency for the trial of the fact of mistake. That it was too late for him, after the trial was actually commenced, to object that the statement in the complaint was defective; and that it was the duty of the court to overrule an objection to the evidence offered to prove the mistake.

The date of an instrument in writing is only presumptive evidence of the time of its actual execution; and whenever fraud or mistake is alleged, this presumption may be contradicted by parol evidence.

A mistake in the date of a promissory note may be asserted as well by an indorsee as by the payee; the entire title being transferred by the indorsement.

APPEAL, by the defendant, from a judgment entered on the verdict of a jury. (*S. C., reported briefly*, 4 *Hun*, 633.)

*Dailey & Perry*, for the appellant.

*Geo. W. Carpenter*, for the respondent.

*By the Court*, DANIELS, J. This action was upon a promissory note, made by the defendant, payable to the order of Altenbrandt Brothers, and by them indorsed to the plaintiff. It was dated on the 18th of December, 1872, and was due in three months after its date. The complaint alleged that the note was dated in 1872 by mistake, and that it was designed to have been dated in 1871. The answer denied these allegations, and the parties went to trial on this and another issue in the cause not now requiring any consideration. It was objected by the defendant, that the alleged mistake could not be shown by the plaintiff, nor under the pleadings. If evidence of its existence could be shown by the payees, it would seem to follow from the indorsement, by which the entire title was transferred, that the plaintiff acquired the same right. It was an incident of its interest in the note, and could be asserted by the plaintiff if the fact itself could be shown to exist. The allegation in the complaint, that the note was by mistake dated in 1872, when the year should have been 1871, was very concisely and directly made in the complaint. And that the mistake relied upon was a mutual one, may reasonably be inferred from what was stated. For the purpose of correcting and reforming a written instrument in equity, it would probably have been insufficient, by way of answering a motion to have the pleading made more definite and certain. But after an answer taking issue

upon the fact itself, that objection could no longer be made. By answering the allegations, the defendant practically conceded their sufficiency for the trial of the fact. And it was too late for him to object to the defective nature of the statement, made when the trial was actually commenced. He had accepted that issue, and could not be misled by the proof given to sustain it; and it was the duty of the court to overrule the objection to the evidence offered to prove it, as was done at the trial. That it was proper to allow evidence to be given to prove the mistake, seems to be equally as free from doubt. In *Drake* v. *Rogers*, (32 *Maine*, 524,) which was an action upon a note, an amendment was allowed to be made by the plaintiff, stating the note to have been made in 1842 instead of 1841, the year of its date. And proof was received to establish the fact in favor of the indorser, who had purchased it. Upon a review of the case, both the amendment and the proof given in support of it were held to be proper. This is a direct authority against the defendant. In *Parsons on Bills and Notes*, it is stated as the law, that "the date will be *prima facie* evidence of the time when the note was made, but not conclusive." (*Vol.* 1, 41.) In *Draper* v. *Snow*, (20 *N. Y.*, 331,) SELDEN, J., stated in it to be the law, that whenever the time of the execution of any writing, even of the most solemn kind, becomes material, it may be proved by parol, not merely to supply an omission, where the paper itself is without date, but in opposition to the date, where it contains one. The time when a contract is executed is no more a part of the contract, than the place where it is executed. (*Id.*, 333.) The same thing was held in *Breck* v. *Cole*, (4 *Sand.*, 79,) in which DUER, J., delivering the opinion of the court, stated that, "the date of an instrument in writing is only presumptive evidence of the time of its actual execution; and it is settled and familiar law that this presumption, whenever fraud or mistake is alleged, may be contra-

dicted by parol evidence. (*Id.*, 82. 2 *Phil. Ev.*, 660, *and cases cited in note.*) The evidence tended to show that the note was given for malt sold to the defendant by the payees, Altenbrandt Brothers, in 1871, on three months' time; that it was given on the 18th of December, of that year, and was protested for non-payment at the expiration of three months from that time. After that, Henry Altenbrandt went with the defendant to see the cashier and president of the bank, and requested that three months' more time should be given him for payment, but that was declined. This was as early as April, 1872, and no claim was then made that the note had not become due. From these facts the jury could very well conclude, as they did, that the mistake of a year had been made in the date of the note, and that it was mutual in its nature; particularly as no evidence whatever was given by the defendant tending to controvert that view of the facts. Exceptions to evidence offered to show that the note was in fact made in 1871; that the payees were not dealing in malt in 1872; and of the time when the note was delivered to the plaintiff's attorneys for collection, are relied upon in support of the appeal. But these were circumstances tending to show the existence of the mistake, and the plaintiff was at liberty to prove that, under the issue. The exceptions are without merit, and must be overruled.

The case was properly disposed of at the circuit, and the judgment appealed from should be affirmed.

Judgment affirmed.(*a*)

[First Department, General Term at New York, May 3, 1875. *Davis, Donohue* and *Daniels*, Justices.]

(*a*) Affirmed by Court of Appeals. (See 64 *N. Y.*, 642.)